FILED - USDC - FLMD - OCA
JAN 14 2026 AM10:44

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

RASHAD MARQUISE LOTT,

Plaintiff, pro se,

v. Case No. 5:26-cv-28-KCD-PRL

CITY OF OCALA, FLORIDA, et al.,

Defendants.

**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND ADMISSION OF STATE ATTORNEY RECORDS AS PUBLIC RECORDS**

Plaintiff, Rashad Marquise Lott, pro se, respectfully moves this Court pursuant to Federal Rule of Evidence 201 and 803(8) to take judicial notice of, and to treat as admissible public records, certain materials from the Office of the State Attorney for the Fifth Judicial Circuit ("SAO") relating to State v. Lott, Marion County Court Case No. 2024-MM-007939-A, and in support states as follows:

1. This civil action challenges Plaintiff's October 16, 2024 custodial arrest at a KFC in Ocala and the ensuing criminal case, which was terminated in Plaintiff's favor on March 18, 2025, when the State filed a nolle prosequi.

2. The operative Verified Civil Rights Complaint ("Complaint") alleges that the criminal case lacked probable cause and was supported by after-the-fact paperwork that conflicted with body-worn camera ("BWC") footage, CAD logs, and State Attorney notes.

3. The following SAO-related materials are public records that are central to Plaintiff's claims and appropriate for judicial notice under Rule 201(b): (a) the March 18, 2025 nolle prosequi in State v. Lott; and (b) the SAO case notes and disposition reports reflecting factual findings about the compressed timeline between first contact and custody, the absence of a legal requirement to present ID to receive a trespass warning, and the availability of non-criminal alternatives to arrest.

4. The existence and contents of the nolle prosequi are matters of public record in the state criminal docket and are not subject to reasonable dispute. Courts routinely take judicial notice of state-court dockets and dispositions in related civil-rights litigation.

5. The SAO notes and internal reports constitute "factual findings from a legally authorized investigation" within the meaning of Rule 803(8)(A)(iii). They were created in the ordinary course of the prosecutor's screening function, by public officials with a duty to accurately document case assessments.

6. Plaintiff does not seek to use these records for any speculative opinion about guilt or innocence, but for (a) the fact of favorable termination under Thompson v. Clark, 596 U.S. 36 (2022); (b) the SAO's contemporaneous observations regarding the compressed time window and lack of an ID requirement for trespass warning; and (c) corroboration of Plaintiff's allegations that reasonable alternatives to custodial arrest existed but were disregarded.

7. Because these public records directly corroborate the Complaint's time-synced narrative and are central to issues of probable cause, malicious prosecution, retaliatory arrest, fabrication of evidence, and Monell ratification, Plaintiff respectfully requests that the Court: (a) take judicial notice of the nolle prosequi and its filing date; and (b) deem the SAO case notes and disposition memoranda presumptively admissible under Rule 803(8), subject to specific objections at later stages.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion, take judicial notice of the nolle prosequi and related public records, recognize the applicability of Rule 803(8) to the SAO factual findings, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

RASHAD MARQUISE LOTT

Plaintiff, pro se

3411 N.E. 55th Ave., Apt. 2

Silver Springs, FL 34488

Tel: (352) 300-2069

Email: lottrashad8@gmail.com