**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RASHAD MARQUISE LOTT,**

**Plaintiff,**

**v.** **Case No: 5:26-cv-28-KCD-PRL**

**CITY OF OCALA, OFFICER JOHN MCCURDY, CPL MICHAEL COUGHLIN, OFFICER KRISTA MCCOLLUM, SERGEANT DAVID MOOREHEAD, CHIEF MIKE BALKEN, DEPUTY CHIEF LOU BONDI, CAPTAIN DUSTIN KUENTJES, KIESHLA VELEZ, LINDSAY OROZCO, FLG CHICKEN, LLC, YUM! BRANDS, INC., and DOES 1-10,**

**Defendants.**

---

# ORDER

This cause comes before the Court on Plaintiff's Motion for ESI Preservation Order, Rule 37(e) Spoilation Framework, and Consideration of Rule 53 Special Master (Doc. 4), which the Court construes as a motion for entry of a preservation order, and Plaintiff's Motion for Structured and, If Necessary, Bifurcated Discovery on Immunity, Monell, and Digital Evidence (Doc. 5), which the Court construes as a motion to bifurcate discovery. Upon due consideration, Plaintiff's motions are due to be denied.

In Plaintiff's motion for entry of a preservation order, he requests that the Court enter an Order "requiring the City of Ocala, its police department, and all private Defendants . . . to preserve and, in due course, produce the following in native format with associated metadata": (1) "all [body-worn camera] files from involved officers, with device

activation/export logs and hash values"; (2) "[Records Management System] entries, including audit/version histories showing who edited what fields and when"; (3) "CASD/PSAP records and radio audio"; and (4) "KFC [point-of-sale]/[kitchen display system] transaction logs and CCTV/NVR footage relevant to Plaintiff's October 16, 2024 visit." (*See* Doc. 4 at pp. 1-2).

Federal courts "may issue preservation orders as part of its inherent authority to manage its own proceedings." *See Arkin v. Gracey-Danna, Inc.*, No. 8:16-cv-1717- T-35AAS, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016) (citations and internal footnote omitted); *Robinson v. Gielow*, No. 3:14-cv-223-LACEMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015); *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944-45 (11th Cir. 2005) (noting that the district court has "broad discretion . . . to impose sanctions" for discovery abuses, including the spoilation of evidence a party is under a duty to preserve). In determining whether to issue a preservation order, some courts employ a "two-prong test," requiring the movant to demonstrate that the order is (1) "necessary" and (2) "not unduly burdensome." *See Arkin*, 2016 WL 3959611, at *1 (citing *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (Fed. Cl. 2004)). Other courts employ a "three-factor balancing test," which consider the following factors: (1) "the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence"; (2) "any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation"; and (3) "the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *See id*. (citations omitted).

Plaintiff fails to make an adequate showing under either test. Plaintiff does not provide any specific facts showing that any existing and relevant evidence is in danger of being destroyed or was in danger of being destroyed at the time he filed the instant motion. *See Bowers v. Coleman*, No. 5:20-cv-00023-TES-CHW, 2020 WL 4915432, at *4 (M.D. Ga. July 28, 2020), *report and recommendation adopted*, 2020 WL 4906047 (M.D. Ga. Aug. 20, 2020) (denying plaintiff's motion to preserve evidence because plaintiff did "not provide any specific facts showing that any relevant evidence in th[at] case [wa]s in danger of being destroyed"). Thus, the Court declines to issue a preservation order directing any defendant to preserve evidence at this juncture in the case.

Moreover, in Plaintiff's motion to bifurcate discovery, he requests that the Court enter an Order staying discovery and bifurcating discovery into two phases: (1) the first phase "address[ing] the incident-specific facts and foundational Monell issues (policies on trespass warnings, inventory searches, ESI retention, and complaint closure criteria)"; and (2) the second phase addressing "any broader pattern evidence." (*See* Doc. 5 at p. 2).

District courts have broad discretion, including the discretion to bifurcate discovery, when managing their cases to ensure that cases move to a reasonably timely and orderly conclusion. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *see also Degutis v. Fin. Freedom*, LLC, No. 2:12-cv-319-FTM-38, 2013 WL 10207621, at *1 (M.D. Fla. Oct. 18, 2013); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). The Court may consider several factors in determining whether to bifurcate discovery, including the prevention of undue burden and expense, convenience, the need to avoid prejudice, or to expedite and economize. *See Fed. Deposit Ins.*

*Corp. v. Stewart Title Guar. Co.*, No. 8:12-cv-2244-T-17TBM, 2013 WL 12155010, at *2 (M.D. Fla. June 25, 2013).

The Court, however, declines to make a bifurcation determination at this time pending a ruling on Plaintiff's motion to proceed in forma pauperis (Doc. 2), which is currently pending before the Court. As Plaintiff recently filed this action on January 14, 2026 (Doc. 1), and the Court has not yet conducted a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether Plaintiff should be allowed to proceed without paying the filing fee,[1] Plaintiff's motion to bifurcate discovery is premature. *See Dorsey v. Froonjian*, No. 8:10-cv-1895-T-30AEP, 2011 WL 1466273, at *3 n.3 (M.D. Fla. Mar. 25, 2011), *report and recommendation adopted*, 2011 WL 1465459 (M.D. Fla. Apr. 18, 2011) (recommending denial of *pro se* plaintiffs' motion to bifurcate amended complaint pending enjoyment of discovery period and plaintiffs' motions for leave to proceed in forma pauperis, and finding that plaintiffs' motion to bifurcate was premature because "[p]laintiffs have yet to establish a viable cause of action in this case").

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for ESI Preservation Order, Rule 37(e) Spoilation Framework, and Consideration of Rule 53 Special Master (Doc. 4) is **DENIED**.

(2) Plaintiff's Motion for Structured and, If Necessary, Bifurcated Discovery on Immunity, Monell, and Digital Evidence (Doc. 5) is **DENIED**.

[1] To proceed in forma pauperis, Plaintiff's complaint must state a viable cause of action that satisfies the screening process of 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may pay the filing fee and conduct proper service of process if he wishes to proceed under the complaint.

**DONE** and **ORDERED** in Ocala, Florida on January 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties