UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RASHAD MARQUISE LOTT,

     Plaintiff,

v.                                                                Case No: 5:26-cv-28-KCD-PRL

CITY OF OCALA, FLORIDA;
OFFICER JOHN MCCURDY; CPL
MICHAEL COUGHLIN; OFFICER
KRISTA MCCOLLUM; SERGEANT
DAVID MOOREHEAD; CHIEF MIKE
BALKEN; DEPUTY CHIEF LOUIS
BONDI; CAPTAIN DUSTIN
KUENTJES; KIESHLA VELEZ;
LINDSAY OROZCO; FLG CHICKEN,
LLC; YUM! BRANDS, INC.; and
MAYOR BEN MARCIANO,

     Defendants.

_____

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") (Doc. 2), and Plaintiff's Motion for Judicial Notice and Admission of State Attorney Records as Public Records ("Motion for Judicial Notice") (Doc. 3). In the Motion for Judicial Notice, Plaintiff requests that the Court take judicial notice of (1) the *nolle prosequi* filed by the State Attorney in *State of Florida v. Lott*, No. 2024-MM-007939-A (Fla. 5th Cir. Ct. Mar. 18, 2025) on March 18, 2025; and (2) the case notes and disposition reports of the Office of the State Attorney for the Fifth Judicial Circuit ("Office of the State Attorney") that "reflect[ ] factual findings about the compressed timeline between first contact and custody, the absence of a legal requirement to present ID to receive a trespass warning, and the availability of non-criminal alternatives to arrest." (Doc. 3 at pp. 1-2). In the Motion

to Proceed IFP, Plaintiff represents that he is unable to pay the fees and costs of pursuing this action, and therefore, seeks to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). Upon consideration, Plaintiff's Motion to Proceed IFP is due to be granted, and Plaintiff's Motion for Judicial Notice is due to be granted in part and denied in part.

At any stage of a proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c). "The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *Couch v. Broward Cnty.*, No. 11-62126-CIV, 2012 WL 2007148, at *1 (S.D. Fla. June 5, 2012) (citation omitted).

The Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence[.]" *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). To that end, "the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *See id*. "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *Jones*, 29 F.3d at 1553 (citation omitted).

Upon review, Plaintiff's Motion for Judicial Notice is due to be granted in part and denied in part. The Court takes judicial notice of the *nolle prosequi* filed by the State Attorney in *State of Florida v. Lott* on March 18, 2025 because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 651 n.14 (11th Cir. 1990) (noting that a court may "take judicial notice of the outcome of certain state criminal proceedings"); *Blash v. City of Hawkinsville & Pulaski Cnty.*, No. 5:17-cv-380-TES, 2018 WL 2247246, at *2 (M.D. Ga. May 16, 2018) (taking judicial notice that "the Grand Jury of Pulaski County, Georgia returned a two-count indictment against [plaintiff,]" and that "[o]n motion of the District Attorney after examination in open court, it [was] ordered that a NOLLE PROSEQUI be entered" as to the indictment); *Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (per curiam) (noting that the district court could have taken judicial notice of state court records); *see also B&G Equip. Co., Inc. v. Airofog USA, LLC*, No. 8:19-cv-403-T-36AEP, 2020 WL 1478504, at *7 (M.D. Fla. Mar. 26, 2020) (taking judicial notice only of the fact that a complaint was filed in another case, but "not the truth or accuracy of those allegations or any matters asserted" in that litigation).

However, the Court declines to take judicial notice of the Office of the State Attorney's case notes and disposition reports for its "contemporaneous observations regarding the compressed time window and lack of an ID requirement for trespass warning," as well as its "corroboration of Plaintiff's allegations that reasonable alternatives to custodial arrest existed but were disregarded." (*See* Doc. 3 at p. 2). As noted above, judicial notice should be employed sparingly, and Plaintiff has not met his burden to show that the facts or contents of the Office of the State Attorney's case notes and disposition reports are "capable of immediate

and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *See Couch*, 2012 WL 2007148, at *1; *Shahar*, 120 F.3d at 214. Indeed, the alleged "factual findings" and "observations" in the Office of the State Attorney's case notes and disposition reports could be subject to reasonable dispute. (*See* Doc. 3 at p. 2); *Makere v. Allstate Ins. Co.*, No. 3:20-cv-905-MMH-JRK, 2021 WL 4772860, at *1 (M.D. Fla. Oct. 13, 2021) (declining to take judicial notice of the defendant's position statement to the Florida Commission on Human Relations); *Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2021 WL 4953146, at *2-4 (M.D. Fla. Oct. 7, 2021), *report and recommendation adopted*, 2021 WL 4950255 (M.D. Fla. Oct. 25, 2021) (declining to take judicial notice of the contents of a CDC report and an Office of the Inspector General report); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (providing that it is appropriate to take judicial notice of public records for the fact of their filing but not for the truth of the statements contained therein); *cf. Jones*, 29 F.3d at 1553 (describing the basis for indisputability serving as a prerequisite for a fact to be judicially noticed). Further, Plaintiff did not provide the Court with the necessary information regarding this request, as he failed to attach the relevant documents to his Motion for Judicial Notice. *See* Fed. R. Evid. 201(c). Thus, for the foregoing reasons, the Court will deny Plaintiff's request to take judicial notice of the Office of the State Attorney's case notes and disposition reports.

As for Plaintiff's Motion to Proceed IFP, the Court has reviewed the motion, and while expressing no opinion on the ultimate merits of Plaintiff's claims, the Court finds that Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a).

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. Plaintiff shall be permitted to proceed in forma pauperis without the prepayment of fees or costs or security therefor. The Clerk of Court shall send Plaintiff blank summonses to be completed and returned to the Clerk within **14 days** of receiving them. Once received, the Clerk is **directed** to deliver the completed summonses and amended complaint (Doc. 11) to the United States Marshal for service in accordance with the Federal Rules of Civil Procedure.

(2) Plaintiff's Motion for Judicial Notice and Admission of State Attorney Records as Public Records (Doc. 3) is **GRANTED IN PART and DENIED IN PART**, as stated in this Order.

**DONE** and **ORDERED** in Ocala, Florida on April 17, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties