UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RASHAD MARQUISE LOTT,

Plaintiff,

Case No. 5:26-CV-28-KCD-PRL

v.

CITY OF OCALA; OFFICER JOHN McCURDY, INDIVIDUALLY; CORPORAL MICHAEL COUGHLIN, INDIVIDUALLY; OFFICER KRISTA McCOLLUM, INDIVIDUALLY; SERGEANT DAVID MOOREHEAD, INDIVIDUALLY; CHIEF MIKE BALKEN, INDIVIDUALLY; DEPUTY CHIEF LOUIS BIONDI, INDIVIDUALLY; CAPTAIN DUSTIN KUENTJES, INDIVIDUALLY; FLG CHICKEN, LLC, d/b/a KFC; YUM! BRANDS, INC.; & MAYOR BEN MARCIANO, INDIVIDUALLY,

Defendants,
_______________________________/

**ORDER**

This is a civil rights case stemming from a fast-food run gone awry. After pulling up to a KFC drive-through window, Plaintiff Rashad Marquise Lott received neither the two sodas he had ordered nor much sympathy. Management told him to move away from the window, and when he refused, they called police. Lott was arrested for trespassing and resisting without

violence. After those charges were dismissed, he brought this civil rights action against several defendants.

Pertinent here, he sues Defendants FLG Chicken, LLC, and Yum! Brands Inc. for their involvement in his arrest. Both have moved to dismiss the complaint (Doc. 31, 47)[1] and Lott has responded (Doc. 45, 55), making this matter ripe. As explained below, FLG's motion is **GRANTED in part and DENIED in part** while Yum's motion is **GRANTED.**

## I. Background

Here are the relevant facts taken from the operative complaint, which at this stage must be taken as true. Lott placed a prepaid "order for pickup" at an Ocala KFC restaurant operated by Defendant FLG. (Doc. 11 ¶¶ 22, 37.) After pulling up to the drive-through window, Lott found his order two sodas short and remained at the window for the missing drinks. (*Id.* ¶ 38.)

The restaurant's staff didn't like this. They "demanded" he "move away from the window." (*Id.* ¶ 39.) And the restaurant manager "stated words to the effect of 'I do not have to slave for you to eat'" before threatening to call police. (*Id.* ¶ 40.)

Sure enough, the police were called. Defendant Officer John McCurdy arrived on scene and urged Lott to leave. (*Id.* ¶¶ 41-44.). Defendant Corporal

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Michael Coughlin joined in and told Lott that if he didn't "leave immediately" he'd be taken to jail. (*Id.* ¶ 45.).

Lott wasn't budging. (*Id.* ¶¶ 44-46.) So the officers removed him from the car and arrested him for trespassing and resisting without violence. (*Id.* ¶ 46; Doc. 11-4 at 5.) Corporal Coughlin then directed KFC staff to complete the takeout order, with Lott's companion receiving the two sodas in the restaurant's parking lot. (Doc. 11 ¶ 62; Doc. 11-16 at 1.)

Lott now brings a wide-reaching civil rights action. As relevant here, he sues FLG and Yum, "a corporate entity associated with the KFC brand," for false arrest and race-based interference with his right to contract. (Doc. 11 ¶¶ 23, 83, 111-15.) FLG and Yum each move to dismiss these claims under Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most

favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

Lott is proceeding against FLG and Yum under two statutes: §§ 1983 and 1981. (Doc. 11 ¶¶ 23, 83, 111-115.) These laws trace their origin to the Civil Rights Act of 1866, enacted after the Civil War and intended to ensure individuals equal rights. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 448 (2008). "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014). And § 1981 bars "racial discrimination in the making and enforcement of contracts." *Clark v. LC Halsten LLC*, No. 23-12499, 2026 WL 1004818, at *4 (11th Cir. Apr. 14, 2026).

Lott face a few hurdles. His § 1983 claim fails to show how FLG acted "under color of state law." And his allegations against Yum rest on vicarious liability—a theory unavailable for civil rights violations. His § 1983 claim

thus fails. Lott's § 1981 claim against FLG, however, survives. The defendants are addressed separately below.

**a. FLG**

Section 1983 is restricted to actions taken "under color of state law." *Grimes v. Sabri*, 674 F. App'x 860, 862 (11th Cir. 2016). This generally excludes "private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) And "[o]nly in rare circumstances can a private party be viewed as a state actor for § 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

The Eleventh Circuit uses "three distinct tests in determining whether" a private party counts as a state actor: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Sheets v. Presseller*, No. 2:24-CV-495-JLB-KCD, 2024 WL 5284972, at *2 (M.D. Fla. Dec. 3, 2024).

Lott whiffs on all three. He paints FLG as a state actor simply because it reported him to police and cooperated with the ensuing investigation. But such conduct falls far short of transforming a private business into a public actor. *See Arline v. City of Jacksonville*, 359 F. Supp. 2d 1300, 1312 (M.D. Fla. 2005) ("[M]erely alerting the authorities and providing information that may lead to an arrest is not sufficient to convert a private persons actions

into public action."); *Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("[P]rivate business that call the police do not transform themselves into state actors.").

Lott doesn't allege that any state actor played a role in FLG's decision to call police. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (noting that the state compulsion test requires allegations that the state "coerced or at least significantly encouraged the action alleged to violate the Constitution"). Nor does he suggest that FLG and the state had any sort of "symbiotic relationship" concerning subjecting customers to false arrests. *See Rayburn*, 241 F.3d at 1348. Without more, Lott fails to plausibly allege that FLG acted "under color of law" for § 1983 purposes. *See Kelly v. Broward Sheriff's Off. Dep't of Det.'s*, 560 F. App'x 818, 821 (11th Cir. 2014) ("[m]erely making a report of perceived misconduct and furnishing information to the police" doesn't cause private party to have acted under color of law); *Brivik v. Murray*, No. 8:11-CV-2101-T-33TGW, 2012 WL 4761367, at *4 (M.D. Fla. Oct. 5, 2012) ("The mere provision of information to [police], even false information, does not constitut[e] state action."). This claim is therefore dismissed.

His § 1981 claim, however, survives. The elements of a cause of action under § 1981 are: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) the

alleged discriminatory conduct implicated the right to make and enforce contracts. *Lopez v. Target Corp.*, 676 F.3d 1230, 1234 (11th Cir. 2012). In the retail context, like here, this requires one "actually [be] denied the ability . . . to make, perform, enforce, modify or terminate a contract." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007).

Lott checks all the boxes. He alleges that he placed and paid for a take-out order that FLG refused to fulfill his order because of his race. (Doc. 11 ¶¶ 112-114.) Yet FLG sees things differently. It emphasizes that Lott's order was ultimately completed and provided to his companion in the parking lot. This, FLG insists, means that Lott's ability to enforce his contract was never actually interfered with for purposes of § 1981. The Court disagrees.

While Lott concedes that his order was eventually fulfilled, this occurred only after police arrived and directed staff to turn over the missing drinks. (Doc. 11-16 at 1); *see also Middleton v. Wells Fargo Bank, N.A.*, 474 F. Supp. 3d 1290, 1296 (N.D. Ga. 2020); *Folly-Notsron v. 180 Broadway Liquor Inc.*, No. 1:22-CV-11983-WGY, 2023 WL 3958453, at *4 (D. Mass. Apr. 27, 2023) (concluding that where "the sale transaction was completed only after police intervention," "[c]ommon sense suggests that Plaintiff . . . made out a colorable [§ 1981] claim"). Lott was by then handcuffed and trespassed from FLG's property. (Doc. 11 ¶ 52); *see Watson v. Wells Fargo Bank, N.A.*, No. 8:20-CV-1283-T-60CPT, 2020 WL 7054701, at *2 (M.D. Fla. Dec. 2, 2020).

What's more, Lott himself never received his full order—his companion did. *Cf. Williams v. Wal-Mart Inc.*, No. 6:23-CV-1488-ACC-EJK, 2024 WL 5717980, at *3 (M.D. Fla. Dec. 6, 2024) (finding no denial of right to contract where plaintiff herself was able to complete her transaction, albeit after police officers' arrival).

Against this backdrop, it's hard to say Lott received the full benefit of his bargain. FLG probably wouldn't think Lott paid for his meal if he had settled up at a different KFC. It thus follows that Lott's order wasn't truly completed. He therefore sufficiently alleges this portion of his § 1981 claim. *Cf. Lopez*, 676 F.3d at 1235 (finding no impairment of plaintiff's right to make contracts where he was not "refused service by the retail store [or] required to contract on different terms").

In sum, Lott's § 1981 claim survives—at least for now. But his § 1983 claim against FLG is deficient and is dismissed without prejudice.

**b. Yum**

Lott casts Yum as a "a corporate entity associated with the KFC brand." (Doc. 11 ¶ 23.) He alleges nothing suggesting Yum was anywhere near the incident, yet seeks to hold Yum liable "to the extent supported by agency, control, or joint participation." (*Id.* ¶ 23.) He thus seems bent on holding Yum liable simply by virtue of its vague affiliation with KFC.

This won't fly. "A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey*, 949 F.2d at 1129; *see also Woodburn v. State of Fla. Dep't of Child. & Fam. Servs.*, 854 F. Supp. 2d 1184, 1200 (S.D. Fla. 2011) ("Private entities cannot be held liable for [section 1983] violations vicariously."). Nor can vicarious liability be imposed through § 1981. *See Jerome v. Hertz Corp.*, 15 F. Supp. 3d 1225, 1233 (M.D. Fla. 2014) ("Since liability under Section 1981 is premised on personal involvement of a defendant it cannot be imposed vicariously."). Lott's entire theory against Yum thus fails as a matter of law. *See Cason Enters., Inc. v. Metro. Dade Cnty.*, 20 F. Supp. 2d 1331, 1337 (S.D. Fla. 1998); *Ball v. May*, No. 2:18-CV-01726-SGC, 2018 WL 11266783, at *3 (N.D. Ala. Oct. 31, 2018) ("While a private entity may be a state actor it is not subject to § 1983 liability on the basis of respondeat superior or vicarious liability.").

And since no amendment would change this underlying legal deficiency in Lott's claims, Yum will be dismissed from this action *with* prejudice. *See Thomas v. All In Credit Union*, No. CV 23-00215-TFM-B, 2023 WL 9197752, at *8 (S.D. Ala. Dec. 7, 2023) (dismissing claims with prejudice where they were "apparently founded on a legal theory that has been uniformly rejected"); *Stubbe v. PHH Mortg. Corp.*, No. CV 22-00339-KD-B, 2022 WL 18141570, at *3 (S.D. Ala. Oct. 14, 2022) ("[B]ecause Plaintiffs' underlying

legal theory fails as a matter of law, any attempt to amend the claim would be futile.”).

## IV. Conclusion

In sum, Lott doesn’t allege enough for FLG to be considered a state actor under § 1983. And his theory of liability as to Yum is a non-starter. Accordingly, Yum’s Motion to Dismiss (Doc. 47) is **GRANTED** and it is **DISMISSED with prejudice** from this action. FLG’s Motion to Dismiss (Doc. 31) is **GRANTED in part and DENIED in part**. Count 1, as it relates to FLG, is **DISMISSED without prejudice** and Lott may file an an amended complaint within **Fourteen (14) days of this order**. Count 7, however, still stands.

**ORDERED** in Fort Myers, Florida on August 25, 2026.

Kyle C. Dudek
United States District Judge