UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RASHAD MARQUISE LOTT,

Plaintiff,

Case No. 5:26-CV-28-KCD-PRL

v.

CITY OF OCALA; OFFICER JOHN McCURDY, INDIVIDUALLY; CORPORAL MICHAEL COUGHLIN, INDIVIDUALLY; OFFICER KRISTA McCOLLUM, INDIVIDUALLY; SERGEANT DAVID MOOREHEAD, INDIVIDUALLY; CHIEF MIKE BALKEN, INDIVIDUALLY; DEPUTY CHIEF LOUIS BIONDI, INDIVIDUALLY; CAPTAIN DUSTIN KUENTJES, INDIVIDUALLY; FLG CHICKEN, LLC, d/b/a KFC; YUM! BRANDS, INC.; & MAYOR BEN MARCIANO, INDIVIDUALLY,

Defendants,
_________________________________/

**ORDER**

This is a civil rights case stemming from a fast-food run gone awry. After pulling up to a KFC drive-through window, Plaintiff Rashad Marquise Lott received neither the two sodas he had ordered nor much sympathy. Management told him to move away from the window, and when he refused, they called police. Lott was arrested for trespassing and resisting without

violence. After those charges were dismissed, he brought this civil rights action against several defendants.

Pertinent here, he sues the City of Ocala, its Mayor, Defendant Ben Marciano, and several of police officers. These Defendants now move to dismiss the complaint (Doc. 19) and Lott has responded (Doc. 36), making this matter ripe.[1] As explained below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

## I. Background

Here are the relevant facts taken from the operative complaint, which at this stage must be taken as true. Lott placed a prepaid "order for pickup" at an Ocala KFC restaurant. (Doc. 11 ¶¶ 22, 37.) After pulling up to the drive-through window, Lott found his order two sodas short and remained at the window for the missing drinks. (*Id.* ¶ 38.)

The restaurant's staff didn't like this. They "demanded" he "move away from the window" and the manager threatened police involvement if Lott didn't move. (*Id.* ¶¶ 39-40.) Sure enough, the police were called. Defendant Officer John McCurdy arrived on scene and urged Lott to leave. (*Id.* ¶¶ 41-44.). Defendant Corporal Michael Coughlin joined in and told Lott that if he

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

didn't "leave immediately" he'd be dragged out of his car and taken to jail. (*Id*. ¶ 45.).

Lott wasn't budging. (*Id*. ¶¶ 44-46.) The officers consequently removed him from his car and arrested him for trespassing and resisting without violence. (*Id*. ¶ 46; Doc. 11-4 at 5.) Though these charges were later dropped, Lott didn't let things go. (Doc. 11 ¶ 68.) He criticized the Ocala Police Department and the City of Ocala on its public social-media account and was later blocked from the forum. (*Id*. ¶¶ 74, 76.)

He now brings a wide-ranging civil rights action. As relevant here, he brings a *Monell* claim against the City of Ocala and a First Amendment claim against Mayor Marciano in his individual capacity. (*Id*. ¶¶ 102-06, 116-21.) He seeks to hold Officer McCurdy and Corporal Coughlin liable for excessive force, malicious prosecution, and a Fourteenth Amendment violation. (*Id*. ¶¶ 85-89, 90-101.). He also sues Defendants Captain Dustin Kuentjes, Deputy Chief Louis Biondi, and Chief Mike Balken for supervisory liability. (*Id*. ¶¶ 107-10.) And, along with Defendant Officer Krista McCollum, he seems to blame each law-enforcement defendant for his allegedly unreasonable seizure. (*Id*. ¶¶ 78-84.)

Defendants have moved to dismiss these claims under Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

While Defendants seek the complete dismissal of Lott's claims, their motion gets them only halfway there. For organizational purposes, the Court divides its discussion into three parts. Part A tackles a few threshold issues.

Part B deals with the claims deserving of dismissal. And Part C discusses the claims that still stand.

**A.**

**i. Defendants' Motion is Not Untimely**

At the outset, Lott insists that this motion was filed twenty-two days after each law-enforcement defendant was served. In his view, this means that the motion is untimely as to Officer McCurdy, Corporal Coughlin, Officer McCollum, Sergeant Moorehead, Captain Kuentjes, Deputy Chief Biondi, and Chief Balken.

To be sure, defendants must answer complaints within twenty-one days of service. Fed R. Civ. P. 12(a)(1)(A)(i). But Lott hasn't shown that service was perfected on any of these defendants. He instead relies on return-of-service forms which show that non-party Sergeant Scott Rowe was served. (Doc. 15; Doc. 16.) It's Lott's burden to show service of process was perfected here. *Yearicks v. Miami-Dade Cnty.*, No. 24-20854-CIV, 2025 WL 732931, at *4 (S.D. Fla. Feb. 10, 2025). Yet he offers nothing suggesting that Sergeant Rowe was authorized to accept service on anyone's behalf.

It is not apparent that service was perfected on any of the law enforcement defendants. *See Gaston v. City of Leesburg*, No. 5:22-CV-409-WFJ-PRL, 2024 WL 4040830, at *1-2 (M.D. Fla. Sept. 4, 2024) (finding no proper service of process where Marshal left summons and complaint with

Police Department's Record Supervisor instead of individual defendants); *Halbig v. Lake Cnty., Fla.*, No. 5:22-CV-106-JA-PRL, 2022 WL 17542863, at *1 (M.D. Fla. May 25, 2022) (no proper service of where documents delivered to Sherriff's Office Legal Department employee, who was "not authorized to accept service of process on behalf of the individual defendants"); *Martin v. Salvatierra*, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005) (finding no proper service on police officer defendant where summons and complaint was left "with an individual at [defendant's] place of employment" and noting that "[a]lthough service of process on police officers may be difficult, [Plaintiff] must still properly serve each defendant"). Given this, the motion to dismiss is not untimely. *Tomko v. United States*, No. 6:24-CV-1943-PGB-RMN, 2025 WL 4095846, at *1 (M.D. Fla. Feb. 5, 2025).

**ii. The Complaint Is Not So Vague as to Warrant Dismissal**

Defendants dub Lott's complaint a shotgun pleading and contend it is too vague to tell who is being sued for what. True, each count "realleges and incorporates" every prior paragraph—which is classic shotgun-pleading stuff. (Doc. 11 ¶ 85, 90, 96, 102, 107, 111, 116); *e.g.*, *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). But this isn't necessarily fatal. The hallmark "of all types of shotgun pleadings is that they fail to one degree or another, and in one way of another, to give defendants adequate

notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 793 F.3d at 1321.

Yet Defendants shouldn't really have that problem here. Most counts specifically identify which defendant they are targeting. (Doc. 11 ¶¶ 83, 86, 91, 98, 103, 108, 109, 113, 118-19.) And the only one that doesn't still identifies which specific subset of defendants it is directed towards. (*Id.* ¶ 79.) While Lott could have crafted a cleaner complaint, it is not so messy that one can't decipher who is being blamed for what. It follows that the complaint need not be dismissed on shotgun-pleading grounds. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019); *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1351 (N.D. Ga. 2018); *Abrams v. CIBA Specialty Chemicals Corp.*, No. CIV.A. 08-0068WSB, 2008 WL 4183344, at *5 (S.D. Ala. Sept. 10, 2008).

**iii. Qualified Immunity**

Defendants raise qualified immunity almost as an afterthought. They seem to say that they are shielded from Lott's claims since arguable probable cause existed for his arrest. Yet they blow right past their initial burden.

While "qualified immunity provides government officials with a formidable shield [from liability], their entitlement to raise that shield is not automatic." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018). The government official raising this defense thus carries the initial

burden of showing he acted within the scope of his discretionary authority. *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1278 (11th Cir. 2025). Only then does the onus fall on the plaintiff to show "(1) the defendant violated a constitutional right, and (2) that constitutional right was "clearly established" at the time of the defendant's actions." *Brooks v. Miller*, 78 F.4th 1267, 1280 (11th Cir. 2023).

Defendants completely ignore this first step. They make no mention of it in their motion. And they thus fail to satisfy their initial burden. *Sheets v. Charlotte Cnty.*, No. 2:24-CV-958-JES-KCD, 2025 WL 1644084, at *4 (M.D. Fla. June 10, 2025). Curiously, this would've been a breeze given the complaint's allegations. *See Deppe v. Sovinski*, No. 25-10646, 2025 WL 3688109, at *2 (11th Cir. Dec. 19, 2025); *Buttrey v. City of Winter Haven*, No. 8:25-CV-02161-SDM-SPF, 2026 WL 2128560, at *1 (M.D. Fla. July 24, 2026); *Berry v. Smith*, No. 2:25-CV-299-JES-NPM, 2025 WL 2193497 (M.D. Fla. July 31, 2025) (concluding officer acted within discretionary authority where plaintiff alleged her to have acted under color of law during challenged conduct); *Purcell v. City of Fort Lauderdale*, 753 F. Supp. 3d 1308, 1327 (S.D. Fla. 2024) (finding the plaintiff conceded the defendants acted within their discretionary authority where it was alleged "that at all material times, the Officers were duly authorized agents of the City, acting under color of law"). Yet Defendants leave this low-hanging fruit unpicked. Accordingly, their

qualified immunity defense cannot be determined at this stage. *Sheets*, 2025 WL 1644084, at *5.

**B.**

With that out the way, the Court turns to the claims destined for dismissal. As explained below, Lott's false arrest and malicious prosecution claims fail since his own complaint alleges probable cause. His excessive-force claim makes the fatal mistake of alleging no actual injury. And his Fourteenth Amendment claim pleads an unworkable theory. The Court addresses each claim in turn.

**i. The False Arrest and Malicious Prosecution Claims**

The Fourth Amendment grants individuals the "right to be free from unreasonable searches and seizures." An arrest counts as a seizure. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007). "The 'reasonableness' of a seizure" depends on whether there was probable cause. *Case v. Eslinger*, 555 F.3d 1317, 1326 (11th Cir. 2009).

"Probable cause exists when" police know "facts and circumstances . . . sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992). Its existence "is an absolute bar to a Section 1983 claim alleging false arrest." *Phillips v. Fla. Fish And Wildlife Conservation Comm'n*, 325 F. App'x 864, 865 (11th Cir. 2009). And "[b]y the same token, the existence of

probable cause defeats a § 1983 malicious prosecution claim." *Stefani v. City of Grovetown*, 780 F. App'x 842, 847 (11th Cir. 2019).

Defendants correctly contend that there was probable cause to arrest Lott for trespassing. Lott's own complaint indicates that police believed KFC staff wanted him to leave. It concedes that they asked him to leave. And it admits that he refused to leave. (Doc. 11 ¶ 46.) That's enough for a trespassing arrest. *See Watkins v. Broward Sheriff Off.*, 824 F. App'x 865, 868 (11th Cir. 2020); *Rogers v. City of Stuart Police Dep't.*, No. 20-14044-CV, 2020 WL 5947425 (S.D. Fla. Sept. 4, 2020); *W.J. v. State*, 18 So. 3d 1259, 1260 (Fla. Dist. Ct. App. 2009). That charges were later dopped "is of no consequence in determining the validity of the arrest itself." *Rogers*, at *3. So against this backdrop, Lott's own allegations defeat his false arrest and malicious prosecution claims. *See Davis v. Distephano*, No. 25-11743, 2026 WL 811557, at *5 (11th Cir. Mar. 24, 2026) ("[B]ecause probable cause supported his seizure, Davis cannot prove essential elements of his claims for false arrest [or] malicious prosecution."); *Wilson v. Rubiel*, No. 2:26-CV-01836-SPC-NPM, 2026 WL 2052173, at *2 (M.D. Fla. July 16, 2026); *Edwards v. Roberts*, No. 3:25-CV-1272-WWB-PDB, 2026 WL 785113, at *2 (M.D. Fla. Mar. 20, 2026).

**ii. The Excessive Force Claim**

"Even when an officer has probable cause for an arrest, the manner in which a search or seizure is conducted must" still "comply with the Fourth

Amendment." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022). While "the right to arrest" unavoidably entails the right to use force, the force used cannot be excessive. *Id*. At the same time, "the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Saunders v. Duke*, 766 F.3d 1262, 1269 (11th Cir. 2014).

According to Defendants, Lott's allegations fit into this latter category. The Court agrees. While Lott claims his arrest caused him physical pain and emotional distress, he alleges no actual injury. "[T]he failure to allege any injury indicates that the force was not so excessive as" to have violated the Fourth Amendment. *Johnson v. McLaughlin*, No. 5:13-CV-366 MTT, 2014 WL 7662517, at *3 (M.D. Ga. Dec. 9, 2014). On the facts pled, Defendants force looks to have been more *de minimis* than excessive. *See Henderson v. Philman*, No. 4:06-CV-00511-MP-AK, 2008 WL 5263557, at *4 (N.D. Fla. Dec. 17, 2008); *see also Murray v. Givens*, No. 617CV01195KOBJHE, 2018 WL 3463309, at *3 (N.D. Ala. May 14, 2018) (excessive force claim insufficiently pled where no injury resulted from warden's alleged pushing of plaintiff into microwave). Lott thus fails to plead a plausible excessive-force claim. *See O'Connor v. Carnahan*, No. 3:09CV224/WS/EMT, 2012 WL 2201522, at *13 (N.D. Fla. Mar. 27, 2012) ("[A] push or shove that causes pain and

necessitates no or merely minor medical treatment is not a constitutional violation[.]").

**iii. The Fourteenth Amendment Claim**

As best the Court can tell, Lott seems to bring a fabrication-of-evidence claim under the Fourteenth Amendment. He alleges that Officer McCurdy and Corporal Coughlin improperly prepared his trespass warning after he had already been arrested. (Doc. 11 ¶¶ 97, 99.) And he says the use of such "materially unreliable" evidence to justify his arrest violated his due process rights. (*Id.* ¶ 100.)

As Defendants argue, this claim should have been pled under the Fourth—not Fourteenth—Amendment. *See Thornton v. Limestone Cnty. Bd. of Educ.*, No. 5:25-CV-00205-HNJ, 2026 WL 353623, at *6 (N.D. Ala. Feb. 9, 2026). ("[P]retrial deprivations of liberty based on fabricated evidence certainly give rise to a Fourth Amendment claim."). "[I]n the Eleventh Circuit, a fabrication-of-evidence claim is really just a species of malicious prosecution." *Duarte v. Rivera*, No. 2:25-CV-408-SPC-DNF, 2026 WL 124304, at *7 (M.D. Fla. Jan. 16, 2026). "And, under the Fourteenth Amendment, there is no substantive due process right to be free from malicious prosecution without probable cause." *Rehberg v. Paulk*, 611 F.3d 828, 853 (11th Cir. 2010). Lott's theory is thus unworkable and this claim is therefore dismissed. *See Franklin v. Bryan*, No. 4:24-CV-00186, 2025 WL 2772489, at

*8 (S.D. Ga. Sept. 29, 2025); *Lavassani v. City of Canton, Ga.*, 760 F. Supp. 2d 1346, 1363 (N.D. Ga. 2010).

**C.**

Now for the remaining claims. Lott's First Amendment, *Monell*, and supervisory-liability claims are all still on the board. And because Defendants do not meaningfully challenge any of these counts, that is where they'll stay.

**i. The First Amendment Claim**

After criticizing the City and its police department, Lott alleges he got blocked from its public social media account. (Doc. 11 ¶¶ 117-19.) He labels that platform a limited public forum and claims he experienced both viewpoint discrimination and retaliatory exclusion. (*Id.* ¶ 116-20.)

Defendants want this claim dismissed without offering any substantive argument. They merely parrot the pleading standard for retaliation claims (while ignoring the viewpoint-discrimination theory altogether) before stating simply that the claim should be dismissed.

Defendants' cursory treatment won't carry the day. "It is not the role of the Court to make arguments for the parties but to consider and decide the specific arguments made by the[m]." *Monroe Cnty. Employees' Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1322 (N.D. Ga. 2018). Accordingly, Lott's First Amendment claim survives for the moment. *See Perry v. Caleb's Club, LLC*, No. 609CV853ORL35DAB, 2010 WL 11507330, at *3 (M.D. Fla. Feb. 1, 2010);

*Fontainebleau Fla. Hotel, LLC v. Botach*, No. 1:25-CV-20251-KMM, 2025 WL 3282568, at *4 (S.D. Fla. Sept. 16, 2025); *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV, 2017 WL 4310750, at *14 (S.D. Fla. Sept. 28, 2017) ("Because the Crane Defendants did not raise this specific argument in their motion to dismiss, the Court retains this count against them.").

**ii. The *Monell* and Supervisory Liability Claims**

Lott's *Monell* claim is premised on two theories. He first claims the City maintained a policy, custom, or practice of constitutional violations. (Doc. 11 ¶ 103.) He also alleges that the City failed to train its officers regarding trespass arrests. (*Id.* ¶ 104.)

As pled, these theories leave a lot to be desired. *See Weiland*, 792 F.3d at 1328-29 (affirming dismissal of failure-to-train count premised on single incident and no pattern of similar constitutional violations); *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) ("In order for a plaintiff to demonstrate a policy or custom, it is "generally necessary to show a persistent and wide-spread practice."); *Wade v. City of Miami Beach*, 565 F. Supp. 3d 1248, 1262 (S.D. Fla. 2021). Yet Defendants don't point out precisely what's missing. They simply offer background principles on *Monell* liability before requesting dismissal. For the same reasons as above, this claim survives.

Defendants' challenge to Lott's supervisory-liability claim fares no better. After briefly describing the few instances where such liability exists, they abruptly declare that "no situation is present here." (Doc. 19 at 21.) Though flattered Defendants think the Court capable of filling in the blanks, it'd rather not. *See, e.g.*, *Maryam v. Sky Chefs, Inc.*, No. 1:23-CV-914-SDG-JKL, 2024 WL 6081942, at *2 (N.D. Ga. Sept. 25, 2024) ("While Defendant may have winning arguments as to each objection, the Court will not make Defendant's argument for it."); *Imiracle (Hk) Ltd. v. Shireen Inc.*, No. 2:22-CV-807-JLB-NPM, 2023 WL 12204845, at *3 (M.D. Fla. Aug. 7, 2023); *E A Tapping Servs., LLC v. CDM Constructors Inc.*, No. 6:19-CV-1190-CEM-LRH, 2021 WL 1985338, at *9 (M.D. Fla. Feb. 23, 2021) ("Defendant cites no legal authority, nor does it explain why this means that Plaintiff's FDUTPA claim fails. Such an unsupported and cursory argument is insufficient to meet Defendant's burden, and the Court will not make arguments for it."). Accordingly, Lott's *Monell* and supervisory-liability claims will remain.

## IV. Conclusion

In sum, Lott's own complaint shows that probable cause existed and thus defeats his false arrest and malicious prosecution claims. His excessive force claim is missing key details. And his Fourteenth Amendment claim is not cognizable. Defendants' Motion to Dismiss (Doc. 19) is therefore **GRANTED in part** and Counts 1 through 4 are **DISMISSED without**

**prejudice** to Lott filing an amended complaint within **Fourteen (14) days of this Order.** The Motion is otherwise **DENIED in part** as it relates to the Counts Five, Six, and Eight.

**ORDERED** in Fort Myers, Florida on August 25, 2026.

Kyle C. Dudek
United States District Judge